MADDOX, Justice
(concurring in the result).
I agree that the judgment should be reversed and the cause remanded for a new trial; however, I cannot agree with the majority’s reasoning that intent is not an element of § 25-5-ll(c)(3). Section 25-5-11(b) requires “willful conduct” on the part of an officer of an employer before an injured employee can have a cause of action against that person; § 25-5-ll(c) gives definitions for “willful conduct,” and subsections (c)(1), (2), and (4) explicitly set forth intent as part of the definition. Subsection (c)(3), the one involved in this case, does not mention intent as part of the definition; however, it is clear from a reading of the entire statute that intent is an element that must be read into subsection (c)(3). The majority states that an injured employee “may recover against an officer if that officer’s conduct resulted in the intoxication of another employee who, in turn, caused the injury.” This reading of subsection (c)(3) would allow mere negligence to be actionable under § 25 — 5—11(b); as an example, if an officer was guilty of no more than failing to notice an employee’s signs of alcoholism, then, arguably, that officer’s conduct “resulted in the intoxication” of the employee that caused the injury.
To say that “willful conduct” does not include an element of intent is a clear contradiction in terms. “Willful” has been defined as “[ijntending the result which actually comes to pass; designed; intentional; not accidental or involuntary”. Black’s Law Dictionary, 1773 (4th ed. 1968). The majority seems to have a limited idea of what an element of intent would mean in the context of subsection (c)(3); it states that this subsection “does not require an intent to intoxicate the employee”. The majority appears to feel that reading intent into the subsection would limit its application to those rare instances when an officer actively engages in getting an employee intoxicated. I am of the opinion that an element of intent under this subsection would be broader than that narrow instance and would cover circumstances, like those in this case, where the officer knows of the danger involved in the employee’s intoxication and knowingly (i.e., intentionally) fails to act to prevent that *321 danger. In this case, the evidence indicated that the Snows knew of Holt’s extensive history of drinking on the job and even encouraged his getting drunk at work. Obviously, they knew of his propensity to drink on the job and intentionally did nothing to remedy the situation so that an injury such as Hobden’s would not occur. Certainly, there was enough evidence to make the question of the Snows’ liability a jury question, and I agree that the trial court erred in granting the Snows’ motion for a directed verdict.
The majority opinion states the following: “The legislature did not intend that the officer or director, who has been put on notice of an employee’s intoxication at work, should be protected from liability when he acquiesces in the intoxication.” I agree wholeheartedly, but I do not think that it is necessary to make a strained reading of the statute by concluding that willful conduct does not have an element of intent. Since the statute was designed to allow an action for intentional conduct that causes injury, reading an element of intent into subsection (c)(3) would give greater effect to the expressed legislative intent and would still cover the conduct the majority is concerned about, such as the intentional disregard of an employee’s history of drinking on the job, as in this case. Under my interpretation of subsection (c)(3), Hob-den presented at least a scintilla of evidence that the Snows engaged in willful conduct by intentionally allowing Holt to work while they knew he was intoxicated. Therefore, I concur in the result reached by the majority.
STEAGALL, J., concurs.